UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY FOR USE IN A
FOREIGN PROCEEDING

Case No. 1:25-mc-00096 (JLR)

MEMORANDUM OPINION

JENNIFER L. ROCHON, United States District Judge:

The Court has the authority to decide Petitioner's 1782 application with the benefit of full briefing from Petitioner and Ms. Logothetis, the real party in interest with respect to the Panama Petition. *See, e.g.*, *Jiangsu Steamship Co, Ltd. v. Success Superior Ltd.*, No. 14-cv-09997 (CM), 2015 WL 3439220, at *8 n.1 (S.D.N.Y. Feb. 5, 2015) ("Nothing in Section 1782 states that the application is to be made *ex parte,* much less that the Court must entertain the application *ex parte* . . . Rather, the Court has inherent authority to require that other parties to the foreign litigation be notified of the application and be allowed to present their views to the Court . . . .") (citation and quotation marks omitted). At this juncture, based on the facts thus far alleged, the Court understands that Mrs. Logothetis has standing to challenge the 1782 application based on her involvement in the underlying probate proceedings. *See, e.g., In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("This does not mean that standing to oppose subpoenas issued under [Section] 1782 is limited to the subpoenaed witness. We have recognized, though implicitly, that parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties."). The parties can, however, further address the issue of Ms. Logothetis's standing to challenge the application in their briefs.

1

2

The Court therefore expects the parties to act consistently with the briefing schedule in its March 13, 2025 Order.  Dkt. 9.

Dated: March 17, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge