UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE EX PARTE APPLICATION FOR AN
ORDER TO TAKE DISCOVERY FOR USE IN A
FOREIGN PROCEEDING PURSUANT TO 28
U.S.C. § 1782

Case No. 1:25-mc-00096 (JLR)

**MEMORANDUM OPINION
AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

This case arises from the application of Petitioner Adriana Embiricos Coumoundouros

("Petitioner") for an order pursuant to 28 U.S.C. § 1782 directing JPMorgan Chase Bank,

N.A. ("Respondent" or "JPMorgan") to produce documents for use in a foreign proceeding.

Dkt. 1. Now before the Court is Petitioner's fully briefed section 1782 application, as well as

the motion to intervene of interested party Nitzia Logothetis ("Logothetis"), Petitioner's sister,

*see* Dkt. 14. For the reasons that follow, the Court grants the unopposed motion to intervene

and denies the section 1782 application.

## BACKGROUND

The instant application arises from an ancillary probate proceeding in Panama

regarding the Last Will and Codicil of Mr. Philippos Dominicos Embiricos Coumoundouros

(the "Panamanian Proceeding") before the Eleventh Circuit Court of the First Judicial Circuit

of Panama, Civil Branch (the "Panamanian Court"). Dkt. 5 ("Mizrachi Decl.") ¶¶ 5, 7, 11, 13-

18; Dkt. 3 ("Br.") at 1. Mr. Coumoundouros's will (the "Will") was probated in the Court of

Magistrates of Athens, Greece, where Mr. Coumoundouros's two daughters — Petitioner and

her sister, Logothetis — were declared his heirs on July 29, 2022. Mizrachi Decl. ¶¶ 8, 11.

The Will provided for the "distribution of 50% of any assets not otherwise enumerated in the

Will to each of Petitioner and her sister." *Id.* ¶ 12. Petitioner then initiated the Panamanian

Proceeding on February 17, 2025. *Id.* ¶¶ 5, 9, 17. Her complaint in that proceeding asks the

Panamanian Court to inventory, appraise, and distribute certain of Mr. Coumoundouros's Panamanian assets, including his shares in a Panamanian company, Norima Business, S.A. ("Norima"). *Id.* ¶ 18. Norima's primary banking was done through Respondent JPMorgan, a bank headquartered in New York. *Id.* ¶ 10; Dkt. 1.

Petitioner filed the instant *ex parte* application on March 10, 2025. Dkt. 1. Petitioner seeks the production of four categories of documents from Respondent: (1) "Documents sufficient to identify any accounts held by Norima or by Norima jointly with another individual or entity"; (2) "All Account Statements for any accounts held by Norima, whether individually or jointly with another individual or entity"; (3) "All Documents and Communications relating to each transaction made through any account held by Norima or by Norima jointly with another individual or entity, including Documents reflecting sender or recipient wire information"; and (4) "All Documents and Communications relating to authorization to transfer funds to or from any account held by Norima or by Norima jointly with another individual or entity, including confirmation of such transfers." Dkt. 4-2 at 9.

On March 12, 2025, the Court received a letter motion from Logothetis seeking an opportunity to oppose the section 1782 application. Dkt. 7 at 1. The Court permitted Logothetis to file an opposition to the petition in an Order dated March 13, 2025. Dkt. 9.

Logothetis filed a motion to intervene on April 10, 2025, an omnibus memorandum of law opposing the section 1782 application and supporting intervention, and two declarations. Dkt. 14; Dkt. 15 ("Opp."); Dkt. 16 ("Juris Decl."); Dkt. 17 ("Molina Decl."). Petitioner filed her reply on May 1, 2025, as well as an additional supporting declaration, and the motions are now fully briefed. Dkt. 21 ("Reply"); Dkt. 22 ("Second Mizrachi Decl.").

## MOTION TO INTERVENE

Logothetis seeks to intervene as of right pursuant to Federal Rule of Civil Procedure ("Rule") 24 and asserts that she has standing to challenge the section 1782 application. Opp. at 8-9. Though Petitioner does not oppose the motion, Reply at 2, the Court still analyzes whether Petitioner has standing and has satisfied Rule 24, *see, e.g.*, *In re BM Braz. 1 Fundo de Investimento em Participações Multistratégia*, No. 23-mc-00208 (JGLC) (GS), 2024 WL 555780, at *6 (S.D.N.Y. Jan. 18, 2024) (assessing whether intervention in Section 1782 proceeding was warranted under Rule 24 even though intervention not opposed), *report and recommendation adopted*, 2024 WL 554302 (S.D.N.Y. Feb. 12, 2024). For the following reasons, the Court will grant the motion to intervene.

Pursuant to Rule 24(a), courts "must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In order to intervene as a matter of right, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). In considering whether a movant is entitled to permissive intervention, "a district court considers the same factors [outlined above], as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the [original] parties' rights." *In re Tel. Media Grp. Ltd.*, No. 23-mc-00215 (JGLC), 2023 WL 5770115, at *2 (S.D.N.Y. Sept. 6, 2023) (citations omitted).

The Court finds — and Petitioner does not dispute, *see* Reply at 11 — that Logothetis's application was timely and that she has an interest in the action. Logothetis filed her notice of intervention within days of the section 1782 application and filed the motion to intervene according to the briefing schedule set forth by the Court. *See* Dkts. 7, 9; Opp. As a party to the Panamanian Proceeding and an heir to Mr. Coumoundouros's estate, she has an interest in the Panamanian Proceeding that will determine the division of Mr. Comoundouros's Panamanian assets between his heirs. *See* Second Mizrachi Decl. ¶ 12. As to the third and fourth requirements, the Court concludes that Logothetis's interest would not be protected absent intervention since she and Petitioner are adverse in the Panamanian Proceeding, and because the subpoenas are directed to a third party — JPMorgan — not under Logothetis's control. *See In re Costa Pinto*, No. 21-mc-00663 (VEC), 2022 WL 4088012, at *3-4 (S.D.N.Y. Sept. 6, 2022) (granting motion to intervene where movant was a party to the underlying Brazilian probate proceeding); *In re Hornbeam Corp.*, No. 14-mc-00424 (VSB), 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (in evaluating third factor, court not "required to accept at face value [applicant's] assertion that it [was] not going to use the requested information against [intervenor]" (internal quotation marks omitted)), *aff'd*, 722 F. App'x 7 (2d Cir. 2018) (summary order). Indeed, "intervention is appropriate where the § 1782 applicant seeks banking records to use against the proposed intervenor . . . from third-party financial institutions that are unaffiliated with the intervenor and thus are unlikely to adequately protect its interests." *In re Niedbalski*, No. 21-mc-00747 (JGK) (BM), 2023 WL 5016458, at *4 (S.D.N.Y. May 8, 2023), *report and recommendation adopted*, 2023 WL 4399003 (S.D.N.Y. July 7, 2023). Finally, there is no evidence that granting the motion to intervene will "unduly delay or prejudice the adjudication of the rights of the original parties," the "principal guide in deciding whether to grant permissive intervention," *Olin Corp. v.*

*Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (citation omitted), and Petitioner does not oppose the motion.  These factors favor either permissive intervention or intervention as of right.

Logothetis also asserts that she has standing to challenge the lawfulness of the proposed subpoena.  Opp. at 8-9.  "[A] party against whom the requested information is to be used has standing to challenge the validity of such a subpoena on the ground that it is in excess of the terms of . . . § 1782."  *In re  Bourlakova*, No. 24-mc-00071 (JPO), 2024 WL 4839047, at *2 (S.D.N.Y. Nov. 20, 2024) (omission in original) (quoting *In re Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997)); *see also In re BM Braz.*, 2024 WL 555780, at *6 ("'[T]he ultimate targets of a § 1782 discovery order issued to third parties' — *i.e.*, the 'parties against whom the requested information will be used' — 'have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute.'" (alteration in original) (quoting *In re Sarrio*, 119 F.3d at 148)).  Logothetis has now appeared in the Panamanian Proceeding as an heir, *see* Second Mizrachi Decl. ¶ 12, and asserts that the information will be used against her in the Panamanian Proceeding to advantage Petitioner's interests over her own, *see* Opp. at 8.  The Court is satisfied that Logothetis has standing to challenge the section 1782 application.

Because intervention is proper and Logothetis has standing to oppose the section 1782 application, the Court grants her unopposed motion to intervene.

## SECTION 1782 APPLICATION

Pursuant to 28 U.S.C. § 1782(a), Petitioner seeks an order directing Respondent to produce documents and communications related to accounts held by Norima and transfers made through those accounts from January 1, 2015, to the present.  Dkt. 4-2 at 2, 6, 9; Br. at

1.  Logothetis opposes the application on the ground that Petitioner has not satisfied the statutory requirements or the *Intel* factors.  Opp. at 11-23.[1]

28 U.S.C. § 1782(a) provides that a district court may order a person within a district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  Courts may grant a section 1782 application if the party seeking discovery satisfies three statutory requirements:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Federal Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (alteration in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)).  If the district court determines the statutory requirements are met, it considers whether discovery would further the "twin aims" of section 1782 — "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  *Mees*, 793 F.3d at 297-98 (citation omitted).  To determine whether the discovery would further the aims of section 1782, the Court evaluates the four factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004):

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign

---

[1] Logothetis also requests, in the alternative, that the Court stay the section 1782 request until the Panama Court resolves the matters before it.  Opp. at 23.  Because the Court denies Petitioner's application, it does not reach this alternative request.

proof-gathering restrictions or other policies of a foreign country or the United
States"; and (4) whether the request is "unduly intrusive or burdensome."

*Mees*, 793 F.3d at 298 (quoting *Intel*, 542 U.S. at 264-65); *see, e.g.*, *In re Bourlakova*, 2024
WL 4839047, at *3-4 (considering *Intel* factors after determining that the statutory
requirements were met).

The Court begins with section 1782's statutory requirements. Logothetis does not
contest that Petitioner has satisfied the first and third statutory requirements, and instead
argues that Petitioner has not satisfied the requirement that the discovery be "for use" in a
foreign proceeding. Opp. at 12-16. Specifically, Logothetis contends that the collection of
information should be undertaken by the Panamanian Court, not Petitioner, that collection of
information about Norima's assets would be premature, and that Petitioner lacks a procedural
mechanism to use the material sought in the Panamanian Proceeding. *Id.* The Court agrees
that Petitioner has not satisfied the "for use" requirement.

Evidence is "for use" in a foreign proceeding if it can "be employed with some
advantage or serve some use in [that] proceeding." *Mees*, 793 F.3d at 298. The Second
Circuit has emphasized that Congress did not mean section 1782 to provide only
"parsimonious assistance," and has held that "[u]nder § 1782, an applicant may seek
discovery of any materials that can be made use of in the foreign proceeding to increase her
chances of success." *Id.* at 299. Applicants must "demonstrate that the evidence is minimally
relevant to the foreign proceeding," *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024), and the
focus is on "the *practical ability* of an applicant to place a beneficial document — or the
information it contains — before a foreign tribunal," *In re Accent Delight Int'l Ltd.*, 869 F.3d
121, 131 (2d Cir. 2017).

Logothetis first argues the information is not "for use" because it is not relevant to the pending motion practice in the Panamanian Proceeding and collecting the documents now is premature. Opp. at 12-13. This treats relevance and section 1782 too narrowly. "[D]iscovery is 'for use' in a foreign proceeding if it is relevant to the *subject matter of the proceeding . . . .*" *In re Asia Mar. Pac. Ltd.*, No. 15-cv-02760 (VEC), 2015 WL 5037129, at *3 (S.D.N.Y. Aug. 26, 2015) (emphasis added) (citing *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120-21 (2d Cir. 2015)); *see also In re BonSens.org*, 95 F.4th at 80 (applicants must "demonstrate that the evidence is minimally relevant to the foreign proceeding"). The foreign proceeding itself and "[t]he anticipated use of the discovery in [that] proceeding need not be immediate. . . . Section 1782 requires only that the foreign proceeding be either ongoing or within 'reasonable contemplation' of the party seeking relief." *In re Navios S. Am. Logistics Inc.*, No. 24-mc-00575 (LJL), 2025 WL 369717, at *5 (S.D.N.Y. Feb. 3, 2025) (quoting *Intel*, 542 U.S. at 259). The Panamanian Proceeding will eventually value and distribute Norima's assets; as such, information that would allow the Panamanian Court to assess the value of Norima's shares is relevant to the proceeding.

However, Petitioner cannot show that the information is "for use" in the proceeding because she has not identified a "discernible procedural mechanism" for "injecting the evidence into the [relevant] proceeding." *KPMG*, 798 F.3d at 120, 122 n.11. Under Panamanian law, courts overseeing probate proceedings direct the inventory, appraisal, and valuation of the estate's assets. Molina Decl. ¶ 31 (citing Código Judicial [CJ] [Judicial Code] art. 1518 (Pan.)); *see* Dkt. 17-2 at 23-27 (certified translation of relevant provisions of Panamanian Judicial Code). Experts appointed by the Panamanian courts issue an opinion on the valuation of the assets, Molina Decl. ¶ 31; they are empowered to "request clarifications

from the parties, request reports from them, visit places, examine personal property or real

estate, . . . and perform all kinds of experiments that they deem advisable for the performance

of their duties."  Second Mizrachi Decl. ¶ 23 (quoting CJ art. 973 (Pan.) (emphasis omitted)).

The Panamanian Court and its appointed experts generally gather information themselves,

including, if necessary, by filing letters rogatory, and can also ask the parties for information.

*See In re Clerici*, 481 F.3d 1324, 1332-33 (11th Cir. 2007) (section 1782 application arising

from Panamanian court's letter rogatory seeking evidence for use in enforcement

proceedings).  The parties have a "duty to cooperate with the experts, to provide them with the

data, items, and access to locations that the experts consider necessary for carrying out their

assigned tasks."  Second Mizrachi Decl. ¶ 23 (quoting CJ art. 973 (Pan.) (emphasis omitted)).

However, no provision of Panamanian law cited by either Petitioner (or Logothetis) indicates

that the parties in probate proceedings have the right to present evidence to the court or the

experts in the absence of a request for information as set forth in Article 973 of the

Panamanian Judicial Code, *see* Dkt. 22-4 at 3.  As such, Petitioner has not identified a

"procedural *right*" to inject that information into the Panamanian Proceeding.  *See In re*

*Accent Delight Int'l*, 869 F.3d at 132 (emphasis added).

     The Second Circuit's decision in *KPMG* is instructive.  In *KPMG*, investors in failed

foreign instruments sought documents from accounting firms relating to the default, in order

to use that information in pending liquidation proceedings.  798 F.3d at 115-16.  The

applicants sought to "furnish information" to the trustees "*in the hope* that it might be used" in

the liquidation proceeding.  *Id.* at 121.  The Second Circuit determined the discovery sought

was not "for use" in the foreign proceedings because the applicants had not "establish[ed] that

they w[ould] be able to use the evidence obtained as required by the statute":

> Even assuming that the Funds have the ability to submit information to the [trustees], who can then decide whether or not to use that information, that does not establish that the information is "for use" in a foreign proceeding; it establishes, at best, that the [applicants] can furnish information *in the hope* that it might be used. That is no different from a third party providing information to a private litigant that it believes might be useful in a lawsuit, or a witness approaching a prosecutor's office claiming to have knowledge of a crime. Such information might be relevant or interesting to the recipient, but it is not "for use" in any proceeding in which the *recipient* is a party unless the recipient takes some further, independent action to introduce it.

*Id.* (footnote omitted). Here too, Petitioner seeks discovery information "*in the hope* that it might be used" in the Panamanian Proceeding. *Id.* The most Petitioner can do is provide the discovery sought to the experts *if* the experts ask the heirs for that information — a step even further removed from the petitioners in *KPMG*. At this stage, there is no basis for the Court to conclude that the Panamanian Court or its experts will ask Petitioner or Logothetis, rather than Norima, to produce Norima's bank records, and thus the proposition that the discovery is "for use" in the foreign proceeding is entirely speculative. Moreover, the Panamanian Court itself can seek this discovery, if necessary, through the mechanisms outlined above. *See In re Clerici*, 481 F.3d at 1327 (affirming grant of section 1782 application in response to Panamanian court's letter rogatory). Petitioner has not identified a "procedural right" to place the requested documents before the experts or the Panamanian Court and thus has not established that the discovery sought is "for use" in the Panamanian Proceeding. *See In re BonSens.org*, 95 F.4th at 81 (discovery was not "for use" in foreign proceeding where the assertion that the foreign court would "consider the requested discovery as part of [the proceeding was] . . . speculative"); *In re Klein*, No. 23-mc-00211 (PAE), 2023 WL 8827847, at *9 (S.D.N.Y. Dec. 21, 2023) (discovery sought was not "for use" in foreign proceeding where "whether to consider such evidence [was] solely 'the prerogative of the police as the

10

party conducting the [proceeding]'"), *aff'd sub nom. Klein v. Altara RK Invs. Ltd.*, No. 24-228, 2025 WL 560105 (2d Cir. Feb. 20, 2025) (summary order).

As such, Petitioner has not met her burden to establish that her application meets section 1782's statutory requirements and the Court denies the application on that ground.

Even assuming that Petitioner met the statutory requirements, she does not satisfy the discretionary *Intel* factors.  *See In re Klein*, 2023 WL 8827847, at *10 (considering *Intel* factors even where petitioner did not meet statutory requirements).  Turning to the first factor, neither Respondent JPMorgan nor Norima, "the real party from whom documents are sought," *Kiobel ex rel. Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018), is party to the Panamanian Proceeding, which supports the section 1782 application. However, the first *Intel* factor also requires the Court to "assess the ability of [the foreign] jurisdiction[] to obtain the requested discovery."  *In re Bouka*, 637 F. Supp. 3d 74, 88 (S.D.N.Y. 2022), *modified in part on other grounds*, 654 F. Supp. 3d 283 (S.D.N.Y. 2023). As Logothetis points out, Panamanian law gives the Panamanian Court and any court-appointed experts the authority to seek Norima's bank records.  Opp. at 18.  Indeed, Petitioner acknowledged that authority when she asked the Panamanian Court to ask "all bank institutions" for information about any assets in Mr. Coumoundouros's name.  Dkt. 16-8 at 7. Thus, while Respondent and Norima are not parties to the Panamanian Proceeding, which weighs in favor of granting the application, the Panamanian Court's ability to obtain this information itself weighs against granting the application.  Thus, the first *Intel* factor, which asks "whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach" and accessible absent section 1782 aid, *In re Bouka*, 637 F. Supp. 3d at 88 (alteration adopted) (citation omitted), is at best neutral.

The second *Intel* factor supports granting the application.  That factor asks the Court to assess the "receptivity" of the Panama Court to "U.S. federal-court judicial assistance" as well as the nature of the foreign tribunal and the character of the foreign proceedings.  *Intel*, 542 U.S. at 264.  "A court should deny discovery on the basis of lack of receptiveness only where it is provided with 'authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782.'"  *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176-77 (S.D.N.Y. 2020) (alteration in original) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)).  Even if such evidence may ultimately be used only if requested by the Panamanian Court or its experts, Logothetis has not offered authoritative proof, and the Court is not aware of any proof, that Panamanian Courts generally reject evidence obtained with the aid of section 1782, and other federal courts have granted section 1782 applications for use in Panamanian courts, *see In re Clerici*, 481 F.3d at 1335.  This weighs in favor of granting the petition.  *See In re Guillen*, No. 20-mc-00102 (ALC), 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (second *Intel* factor supported granting section 1782 application where there was "no evidence to suggest that the [foreign courts] would be unreceptive to the discovery sought in the petition").

The third *Intel* factor, whether the application "conceals an attempt[] to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," 542 U.S. at 265, weighs against granting the application.  "[A] court's analysis of this factor hinges on whether a petitioner is pursuing discovery in bad faith . . . ."  *In re Batbold*, No. 21-mc-00218 (RA) (OTW), 2021 WL 4596536, at *4 (S.D.N.Y. Oct. 6, 2021), *aff'd*, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023).  Panamanian law does not expressly prohibit Petitioner from obtaining information about the value of Norima's assets in preparation for litigation, even though such information may not be used unless requested by the Panamanian

court or its experts.  *See* Second Mizrachi Decl. ¶ 23 (citing CJ art. 973 (Pan.)); Molina Decl.

¶ 44 (citing CJ art. 893 (Pan.)); Dkt. 22-4; *In re Accent Delight Int'l Ltd.*, 791 F. App'x 247,

251 (2d Cir. Nov. 13, 2019) (summary order) (distinguishing between section 1782 requests

that "seek[] documents that cannot be obtained because the foreign jurisdiction *prohibits* the

discovery of those documents," in which case the application seeks to circumvent a foreign

proof-gathering restriction, and those that "seek[] documents that cannot be obtained in a

foreign proceeding because the foreign jurisdiction *does not provide a mechanism* for such

discovery").  However, evidence in the declarations submitted by the parties, including the

fact that Petitioner already asked the Panama Court to seek this discovery, her seeming effort

to bypass the executors designated in the Will, *see* Dkt. 16-11 ¶¶ 3-5, 14, and the breadth of

the discovery sought, is suggestive of an attempt to circumvent the processes and procedures

of the Panamanian Court.

　　　Finally, the Court has serious concerns about the fourth *Intel* factor — whether the

discovery sought is "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265 — in light of the

fact that Petitioner seeks more than ten years of Norima's bank records and related

communications, *see* Dkt. 4-2 at 6.  While Petitioner asserts that such broad discovery would

help to "identify[] Norima assets that might not otherwise be found," and that "[t]his is the

sort of evidence normally relied upon in similar proceedings," Reply at 10, Petitioner has not

explained why records dating back to 2015 are relevant to a valuation of Norima's assets at

the time of death in 2021 and today, as opposed to a fishing expedition.  *See In re Klein*, 2023

WL 8827847, at *14 ("[W]here 'a subpoena sweepingly pursues material with little apparent

or likely relevance to the subject matter it runs the greater risk of being found overbroad and

unreasonable,' even where, as here, complying with the request has not been shown to be

onerous." (citation omitted) (quoting *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 106-07 (S.D.N.Y 1979))).[2]  This factor weighs against granting the application.

In sum, the balance of the *Intel* factors would disfavor granting the section 1782 application, even if Plaintiff had satisfied the statutory factors (which she has not).  The Court denies the application on this alternative basis.

## CONCLUSION

For the foregoing reasons, Logothetis's motion to intervene is GRANTED and Petitioner's application for discovery pursuant to 28 U.S.C. § 1782 is DENIED.  The Clerk of Court is respectfully directed to close the motion at Dkt. 1 and terminate the case.

Dated: May 20, 2025
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

---

[2] Petitioner directs the Court to *In re Lane*, No. 22-mc-00034 (LGS), 2022 WL 16737132 (S.D.N.Y. Nov. 7, 2022), in support of the proposition that such broad discovery of bank documents is normally relied upon to value companies.  Reply at 10-11.  That bank records were found to be relevant to an assessment in *Lane* of the existence of a partnership and a valuation of its assets does not mean that ten years of records, some well before Mr. Coumoundouros's death, are relevant here.